UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBIN DUGGER ROGERS, ) | Case No. 1:20 CV 1708 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| INTERNATIONAL HAIR INSTITUTE, ) | AND ORDER |
| LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion to Set Aside the Dismissal Without Prejudice and Reinstate the Case (ECF #23 and #24) Defendants Keranique and Ulta Salon, cosmetics and Fragrance, Inc. oppose the motion. Plaintiff, through attorney Scott Combs, filed this action on August 3, 2020. A case management conference was set for October 9, 2020 and was later continued to November 18, 2020. On October 9, 2020, Plaintiff's counsel filed a consent to substitution of attorneys, substituting Gregory Rohl, in place of Scott Combs as attorney for plaintiff. On November 12, 2020, the clerk of court placed a notice on the docket stating that Mr. Rohl was not admitted to practice in the Northern District of Ohio and instructing him to file an application for admission *pro hac vice* within 10 days. Mr. Rohl's motion for admission *pro hac vice* was filed on November 20, 2020 and granted on November 24, 2020.

The initial case management conference was held on November 18, 2020, by telephone conference. Defense counsel participated but Plaintiff's counsel did not participate. The minutes of that proceeding state that the CMC is re-set for December 18, 2020, at 8:45 a.m. and if no one appears on behalf of the Plaintiff, the case may be dismissed without prejudice for failure to

prosecute. (ECF #12). Defendants filed a motion to dismiss the complaint for failure to state a claim (ECF #16) and Plaintiff's counsel sought and obtained an extension of time to respond to that motion. (ECF #17 and #18) Under this Court's case management order, it is Plaintiff's counsel's responsibility to arrange the Rule 26(f) planning meeting. Mr. Rohl failed to arrange that conference prior to the November CMC but participated in the 26(f) planning conference arranged by defense counsel on December 15, 2020, before the December 18 status conference. Defense counsel called, texted and emailed Mr. Rohl on December 18 in order to join him into the status call with the Court but could not reach him. The December 18 status conference was held without Plaintiff's counsel's participation. In the minutes of that proceeding the Court noted that Plaintiff's counsel, while notified of the date and time of the both the November 18 CMC and the December 18 status, failed to appear at either and accordingly, the Court dismissed the case pursuant to Fed. R. Civ. P. 41(b) without prejudice. (ECF #21) More than three weeks later, on January 11, 2021, Plaintiff moved to set aside the dismissal and reinstate the case (ECF #23) and on January 25, again moved to reopen the case. (ECF #24)

    In moving to set aside the dismissal, Mr. Rohl states that he contracted COVID in November 2020 and was isolated and totally disabled for several weeks and that his entire office was closed and locked down as other staff had contracted the virus as well. Mr. Rohl states that he has a serious and significant underlying heart condition which complicated his recovery. Mr. Rohl also claims that he was unaware of the November 18, CMC conference and somehow believes that the Court rescheduled the conference to December 18 to accommodate Mr. Rohl's illness. Apparently, Mr. Rohl must not have looked at the case docket on cm-ecf. As for the December 18 status conference, Mr. Rohl asserts that the call was re-routed to the office manager

who was also ill. Eventually, Mr. Rohl returned the call to defense counsel who informed him that the Court had dismissed the case. Mr. Rohl contends that there was no willful attempt to avoid this Court's order or to miss the status conference.

A Court may dismiss a Plaintiff's complaint pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute or comply with the federal rules or a court order. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Sixth Circuit examines the following four factors to determine if dismissal for failure to prosecute pursuant to Rule 41(b) is appropriate: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id.* at 363 citing *Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir.1998). Although typically none of the factors is outcome dispositive, a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct. *Carter v. City of Memphis,* 636 F.2d 159, 161 (6th Cir.1980).

While dismissal is proper in this case under these four factors, the Court will accept Mr. Rohl's assertion that his conduct in missing the two court conferences was not willful or done in bad faith. His neglect may be excused by the unusual circumstances involving his illness and the closing of his office due to the illness of his staff. Notwithstanding Mr. Rohl's excuses, Defendants have been prejudiced by Plaintiff's conduct because it has caused Defendants to incur expenses to comply with court orders and to respond to Plaintiff's Motions to Reinstate the case. Accordingly, Plaintiff's motions to reinstate this action (ECF # 23 and #24) are granted with the provision that Plaintiff will pay Defendants' costs incurred in responding to these motions.

The dismissal order (ECF #22) is withdrawn and this case is re-opened.

    IT IS SO ORDERED.

                                            /s/ Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: January 27, 2021